Darlene Y. OLSON, Appellant,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Appellee.

No. 93–1867.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1993.

Decided Feb. 22, 1995.

Stephen S. Torvik, Montevideo, MN, argued, for appellant.

Michael C. Messer, Chicago, IL, argued (Patricia R. Cangemi, on the brief), for appellee.

Before JOHN R. GIBSON, Senior Circuit Judge *, MORRIS SHEPPARD ARNOLD, Circuit Judge, and D. BROOK BARTLETT, District Judge **.

BARTLETT, District Judge.

In April 1989, appellant Darlene Y. Olson applied for Social Security disability benefits claiming that she had been disabled since August 15, 1985, due to a back condition aggravated by a car accident and a stroke. The application was denied initially and on reconsideration by the Social Security Administration. At Olson's request, an Administrative Law Judge (ALJ) conducted a hearing on the claim. The ALJ's decision resulted in denial of Olson's disability benefits under the Social Security Act, 42 U.S.C. §§ 416(i) and 423. The decision of the ALJ became the final decision of the Secretary when the Appeals Council affirmed the ALJ's decision on September 27, 1991.

Olson challenges the Secretary's finding of no disability and argues that there is not substantial evidence in the record as a whole to support the Secretary's determination.

■ Although the magistrate judge recommended reversing the ALJ, the district court concluded that the ALJ's ruling was supported by substantial evidence. After carefully considering the record in this case, we reverse because the district court erroneously concluded that there was substantial evidence to support the secretary's decision denying benefits. In short, the district court and the secretary's conclusion that Olson could perform work that existed in the national economy in significant numbers does not square with the record before the ALJ.

The ALJ relied on the testimony of a vocational expert in concluding that Olson is able to meet the physical and mental demands of work. Although the expert conceded that Olson was not capable of performing her past relevant work as a bowling alley co-manager, she concluded that Olson could work as a cashier, ticket seller, information clerk or receptionist. Based on hypothetical questioning, the expert agreed that Olson could work at a job which would require lifting and carrying up to ten pounds frequently, sitting for up to eight hours a day (with breaks) and occasional bending and climbing. The ALJ credited the expert's testimony and ruled that Olson is capable of working provided she limits lifting and carrying to ten pounds frequently, have the opportunity to sit up to eight hours a work day with frequent position changes, restrict standing to an hour at a time and walking to one to two blocks. A.R. 18. The ALJ agreed that Olson could not squat or engage in any repetitive twisting and acknowledged that Olson takes medicines which "might tend to make her drowsy." A.R. 18.

There are two significant circumstances that the ALJ failed to consider in determining that Olson is capable of work. First, the ALJ ignored the effect of an August 1985 car accident on Olson's back injury. The record is replete with references to the 1985 accident and its deleterious effect on Olson's back problems. For example, her treating physician noted in 1986 that the car accident produced a marked increase in her back spasms. Tr. 256. This fact is amply confirmed by Olson's medical records and Mr. and Mrs. Olson's testimony. Nevertheless, the ALJ failed to consider medical reports after the 1985 accident in concluding that "Olson had periods of exacerbation followed by long period of remission." Even more telling is the ALJ's citation to Olson's statement that she was "really doing great." This statement is taken out of context. Olson actually explained to the physician that she had been doing well but that two days prior to her appointment she had been in an automobile accident and had an immediate recurrence of her longstanding back pain.

* The HONORABLE JOHN R. GIBSON was Circuit Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted, and took senior status on January 1, 1994, before the opinion was filed.

** The HONORABLE D. BROOK BARTLETT, United States District Judge for the Western District of Missouri, sitting by designation.

Moreover, the requirements included in the hypothetical directly conflict with the record as a whole that Olson is incapable of sitting for any length of time, standing or lifting. Olson's treating physician described Olson's physical limitations on December 14, 1988:

> She can't do any lifting, twisting, turning or bending. She can't sit for any length of time. She has continuous pain through her neck and shoulders, ... pain in her low back, pain down her legs and basically, although she works every day helping her husband with their own business doing paperwork, she can't do any physical work to speak of. She certainly can do no lifting, no working up over her head, no twisting, turning or bending.

The physician also noted on November 22, 1989, that Olson "is permanently seriously disabled and I see her helping out some in the bowling alley at home with her husband, but at this point I really am at a loss to recommend anything further from this lady.... I rather suspect that this woman if fairly effective [sic] incapacitated for most types of gainful employment." Olson testified that her pain has gotten "progressively worse," that "[s]itting is the hardest thing." She testified that she has to stand up when she is a passenger in her van and that she could sit for one-half hour maximum. A.R. 57. She also testified that she does not carry anything but her purse.

Second, the ALJ failed to consider Olson's mental impairment. In 1988, Olson had an allergic reaction to a myelogram. Since then, she has had difficulty concentrating, thinking and remembering. The ALJ concluded that Olson had only slight limitations in her daily activities as a result of this problem and because there was no documentation of a cerebrovascular accident, the condition was not included in the hypothetical to the vocational expert. Although Olson concedes there is no evidence that she had a "stroke" (Br. 11), the evidence conclusively demonstrates some mental impairment and this impairment should have been included in the vocational expert's analysis. *See Tennant v. Schweiker,* 682 F.2d 707, 711 (8th Cir.1982) ("This Court has repeatedly warned that hypothetical questions posed to vocational experts ... should precisely set out the claimant's particular physical and mental impairments.").

Although remand to the district court with directions to remand to the Secretary for further proceedings is the usual remedy, remand is not necessary where, as here, the record overwhelmingly supports a finding of disability. *Cline v. Sullivan,* 939 F.2d 560, 569 (8th Cir.1991); *Jeffrey v. Secretary of Health and Human Services,* 849 F.2d 1129, 1133 (8th Cir.1988). Remand to the Secretary for further proceedings would serve no useful purpose.

Accordingly, the decision of the district court is reversed and this case is remanded to the district court with directions to grant Olson's Motion for Summary Judgment and to remand the case to the Secretary with directions to grant benefits to Olson.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

I respectfully dissent because I think that the evidence in the record more than adequately supports the Secretary's decision denying benefits.